UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ESNEY DALMAR SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **Case No.:** |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.; MIDLAND** | ) |
| **FUNDING, LLC; and ENCORE** | ) |
| **CAPITAL GROUP, INC,** | ) |
| | ) |
| **Defendants.** | ) |

**Complaint for Damages**

Plaintiff Esney Dalmar Smith ("Plaintiff") files his Complaint for Damages against the Defendants Midland Credit Management, Inc.; Midland Funding, LLC; and Encore Capital Group, Inc. ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"), under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq*. (hereinafter "FBPA"), and under The Unfair and Deceptive Practices Toward the Elderly Act, O.C.G.A. §§ 10-1-850 *et seq*. (hereinafter "UDPTEA").

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the Defendants maintain a registered agent within this Court's jurisdiction.

## Parties

6. Plaintiff is a natural person residing in Barnesville, Georgia, which is located in Lamar County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. Defendant Midland Credit Management Inc. is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Summons and Complaint may be served on Defendant Midland Credit Management, Inc. by service on its registered agent for service of process in Georgia, Midland Funding, LLC at 260 Peachtree St. NW, Ste. 2109, Atlanta, GA, 30303, or wherever they may be found.

10. Defendant Midland Funding LLC is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Summons and Complaint may be served on Defendant Midland Funding, LLC by service on its registered agent for service of process in Georgia, Midland Credit Management Inc. at 260 Peachtree St. NW, Ste. 2109, Atlanta, GA, 30303A, or wherever they may be found.

12. Defendant Encore Capital Group, Inc., is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Summons and Complaint may be served on Defendant Encore Capital Group, Inc. by service on its registered agent for service of process in Delaware, Corporation Service Company at 251 Little Falls Drive Wilmington, Wilmington, DE 19808, or wherever they may be found.

14. Defendants are inter-related companies working together for the common purpose of collecting consumer debts either directly or through their affiliated entities.

15. Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

16. Defendants use the mails and interstate commerce in the collection of consumer debts regularly.

17. Defendants regularly contacts consumers and attempt to collect debts from consumers residing in Georgia.

18. Defendants' principle purpose is the collection of debts.

19. As recently as December 4, 2018, Defendant Encore Capital Group Inc acknowledged in a federal Securities and Exchange Commission filing that it is responsible for the actions of its wholly-owned subsidiaries, Defendants Midland Funding LLC and Midland Credit Management Inc, by becoming a party to a settlement with 42 states and the District of Columbia regarding its debt collection practices as performed through said subsidiaries. (https://www.sec.gov/Archives/edgar/data/1084961/000108496118000140/ex991-pressrelease.htm)

## Statutory Scheme

## The Fair Debt Collection Practices Act

20. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

21. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html
[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden
[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

### The Georgia Fair Business Practices Act

22. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

23. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

### The Unfair and Deceptive Practices Toward the Elderly Act

24. The UDPTEA enables elderly and disabled plaintiffs who are otherwise able to recover under the FBPA to recover punitive damages in addition to those remedies ordinarily available under the FBPA. O.C.G.A. § 10-1-850 *et seq*. UDPTEA is not a claim in its own right, but, rather, enhances damages when a violation of the FBPA occurs. *Id.*

### Facts Common to All Counts

25. Sometime prior to August 1, 2019, Plaintiff incurred a financial obligation ("Debt") with Synchrony Bank.

26. The Debt was sold to Defendants allegedly sometime prior to August 1, 2019.

27. The Debt is alleged to have arisen from one or more transactions.

28. The Debt was primarily for personal, family, or household purposes.

29. Defendants regularly engage in the collection of debts.

30. Defendants' principle purpose is the collection of debts like the Debt at issue.

31. Indeed, Defendants have no other purpose other than the collection of consumer debts like the Debt at issue.

32. The Debt was placed with, obtained by, or assigned to Defendants for the purpose of collecting or attempting to collect the Debt.

33. The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendants.

34. On or about January 10, 2020, Defendants prepared and filed a Motion for Summary Judgment ("Motion") and attached a proposed order granting the same seeking summary judgment in Lamar County Superior Court Case No. 19B423W.

35. The Motion and proposed order asserted the amount due for a Synchrony Bank account was $952.00.

36. The Motion and proposed order asserted Plaintiff "has failed to deny relevant allegations in the Complaint."

37. Both of these assertions were false.

38. Plaintiff was never afforded a chance to respond to the Motion and demonstrate the errors within the Motion.

39. The Court relied on the false statements of Defendants and signed the proposed order which was sent to the Court by Defendants.

40. Plaintiff filed for a notice of appeal and a motion for reconsideration.

41. Defendants moved to vacate the judgment, which was issued at Defendants' request, and admitted the same was improper.

42. As a result of Defendants' misleading communications, Plaintiff suffered anxiety, unnecessary stress, frustration, loss of time, and had his statutory rights invaded.

43. As a result of Defendants' misleading communications, Plaintiff incurred legal fees and expenses he would not have otherwise incurred.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

44. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

45. The debt identified in the Motion for Summary Judgment filed by Defendants is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

46. Each Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

47. The Motion is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and/or misleading representation or means in connection with the collection of any debt when Defendants filed the Motion with false statements regarding the Debt owed and Plaintiff failing to deny relevant allegations in the Complaint.

49. Defendants violated 15 U.S.C. § 1692e by creating a false representation of the legal amount or status of a debt when Defendants asserted in the Motion the amount due on the Debt was $952.00 violating § 1692e(2)(A).

50. Defendants violated 15 U.S.C. § 1692e by making communications which appear to be communications from an attorney where there has been insufficient attorney involvement to constitute a communication from an attorney, in violation of 15 U.S.C. § 1692e(3).

51. As result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## Count II – Georgia Fair Business Practices Act

## O.C.G.A. §§ 10-1-390 *et seq.*

52. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

53. A "consumer transaction" occurred, as that term is defined by O.C.G.A. § 10-1-393(a)(10), when Plaintiff entered into transaction forming the Debt.

54. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by O.C.G.A. § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

55. Plaintiff's counsel mailed an ante litem notice to Defendants by certified mail in compliance with O.C.G.A. § 10-1-393(a) on April 9, 2020.

56. Defendants' violation of the FDCPA necessarily creates a violation of the FBPA. *See Werner*, supra.

57. Defendants' violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

58. Plaintiff is entitled to the trebling of any actual and statutory damages he sustained as a result of the Defendants' intentional and/or willful violations of the

FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from each Defendant.

## Count III – Unfair or Deceptive Practices

## O.C.G.A. §§ 10-1-850 *et seq.*

59. Plaintiff is an "elderly person" as that term is defined by O.C.G.A. § 10-1-850(2).

60. Defendants were aware of Plaintiff's status as an "elderly person" at all times relevant to this Complaint.

61. Defendants activated O.C.G.A. § 10-1-853 by making false representations in the communications regarding the amount owed by Plaintiff and Plaintiff failing to deny relevant allegations in Complaint, in violation of O.C.G.A. § 10-1-853.

62. Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendant including (without limitation) punitive damages for Defendant's violations of the FBPA.

## Count IV – Punitive Damages under the FBPA

63. On information and belief, Plaintiff alleges that Defendants and their agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the

consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

64. Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

65. Plaintiff alleges Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages, also known as punitive damages, in an amount to be determined by the enlightened conscious of a jury.

## Demand for a Jury Trial

66. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendants' behavior violates the FDCPA;

b) Find that Defendants intentionally violated the FBPA;

c) Find that Defendants' behavior calls for application of the UDPTEA;

d) Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

e) Enter judgment in favor of Plaintiff and against Defendants for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

f) Enter judgment in favor of Plaintiff and against Defendants for treble damages as provided by § 10-1-399(c).

g) Enter judgment in favor of Plaintiff and against Defendants for punitive damages as provided by § 10-1-853 of the UDPTEA;

h) Find Defendants jointly and severally liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

i) Enter judgment in favor of Plaintiff and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

j) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

k) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted July 28, 2020.

**DANIELS LAW LLC**

|  |  |
|---|---|
|  | /s/Ronald Edward Daniels |
|  | RONALD EDWARD DANIELS |
|  | Georgia Bar No.: 540854 |
|  | Counsel for Plaintiff |

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA           )
                           ) ss
COUNTY OF LAMAR            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Esney Dalmar Smith, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____  _____, _____
             Month                Day       Year

_____
Esney D Smith (Jun 15, 2020 08:07 EDT)
Signature

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 5.1(D), NDGa., I certify that this filing is prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa. (formerly LR 5.1(B), NDGa.).

Submitted July 28, 2020.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com