IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESNEY DALMAR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. et al<br><br>Defendants. | CIVIL ACTION FILE NO:<br><br>1:20-cv-03145-WMR |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 35], which recommends that this case be administratively closed,[1] subject to the right to reopen if settlement is not consummated. The R&R further **RECOMMENDS** that this matter be deemed to have been dismissed with prejudice if neither party moves to reopen it within **sixty (60) days** from the date of entry of an Order administratively closing the case. No objections have been filed.

---

[1] Administrative closure is a docket-control device used by the Court for statistical purposes. Administrative closure will not prejudice the rights of the parties to this litigation.

1

## I. LEGAL STANDARD

In reviewing the R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted); *see also Macort v. Prem, Inc.,* 208 Fed.Appx. 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report"). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." *Lattimore v. Bank of Am., N.A.*, No. 1:12-CV-1776-CAP-JSA, 2014 WL 11456272, at *1 (N.D. Ga. Feb. 10, 2014), *aff'd sub nom. Lattimore v. Bank of Am. Home Loans*, 591 F. App'x 693 (11th Cir. 2015).

## II. DISCUSSION

Having reviewed the R&R for clear error, this Court finds none. On February 22, 2021, the parties notified the Court that they had settled the matter pending finalization of a settlement agreement. [Doc. 32]. Accordingly, proceedings were stayed for a period of 30 days to allow the parties to consummate their settlement

and dismiss the case. [Doc. 33]. That period has now expired, and the parties have taken no further action. Neither party filed an objection to the R&R within the 14 days of service beginning March 26, 2021. This further supports the recommendation that the case should be administratively closed for inaction.

### III. CONCLUSION

After considering the Final Report and Recommendation, [Doc. 35], the Court receives the R & R with approval and adopts its findings and legal conclusions as the Opinion of this Court. Accordingly, the case shall be **CLOSED,** and the matter be deemed to have been **DISMISSED with prejudice** if neither party moves to reopen it within **sixty (60) days** from the date of entry of this Order.

**IT IS SO ORDERED**, this 7th day of June, 2021.

*/s/ William M. Ray, II*
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

3